**Levitt v. Barcelona Hotel Corp.**

*G. V. Sklar*, for plaintiff.

*Ehrenreich, Sidkoff, Edelstein & Shusterman*, for defendant.

GLEESON, J., March 17, 1969.—This case comes before us on defendant's preliminary objections rais-

ing questions of jurisdiction. Specifically, the facts as they appear from the papers of record involve an allegation of injury to plaintiff, Helen Levitt, at the Barcelona Hotel Corp. in Miami Beach, Florida. Apparently, there is some dispute as to the correct name of defendant corporation, but counsel have agreed to correct that difficulty by stipulation later in the proceeding.

Suit was instituted against the Barcelona Hotel in Pennsylvania and service was made on it under the provisions of Business Corporation Law of May 5, 1933, P. L. 364, art. X, sec. 1011, as amended, in 1968, 15 PS §2011 (c), Supp. 1969. Service was made upon Molly Schwartz at her apartment at 2101 Walnut Street, Philadelphia, Pa. Mrs. Schwartz apparently takes reservations for the Barcelona Hotel from her residence. She is paid on the basis of commissions for reservations accepted by the Barcelona Hotel.

In order to carry on the business above, a telephone is located in Mrs. Schwartz' apartment, which is listed in the Philadelphia directory under the name of "Barcelona Hotel." Defendant corporation pays for this telephone listing and for the charges incurred in its use.

The act under which jurisdiction over defendant is predicated reads as follows:

"For the purposes of determining jurisdictions of courts within this Commonwealth, the doing by any corporation in this Commonwealth of a series of similar acts for the purpose of thereby realizing pecuniary benefit or otherwise accomplishing an object, or doing a single act in this Commonwealth for such purpose, with the intention of thereby initiating a series of such acts, shall constitute 'doing business.' For the purposes of this subsection the shipping of merchandise directly or indirectly into or through this Commonwealth shall be considered the doing of such an act

in this Commonwealth": 15 PS §2001(c). Supp. 1969.

Inasmuch as the quoted act is of recent origin, we have not found nor have we been referred to decisions regarding its interpretation. However, we note that the previous act, 15 PS §2001 (c), required two elements for jurisdiction over an unregistered foreign corporation:

1. Entry into the Commonwealth; and

2. "Doing business" in the Commonwealth.

Although the amendment quoted above apparently was designed to eliminate the element of entry into the Commonwealth, we do not believe that the facts of this case will sustain a finding of "doing business." We base our decision upon the similar and recent case of Miller v. Kiamesha-Concord., 420 Pa. 604 (1966). The only apparent difference between the facts of the instant case and the Miller case is the fact that the Barcelona Hotel pays for the telephone listing and the telephone charges. This, we do not consider a material distinction. The court in Miller determined that Kiamesha-Concord, Inc., was not present within the Commonwealth and that it was not "doing business" in the Commonwealth within the meaning of the then statute. Of course, the issue of entry into the Commonwealth is now eliminated. The basis of the court's conclusion that Kiamesha-Concord, Inc., supra, was not "doing business" in the Commonwealth was expressed as follows:

"In the instant case, as in DiGirolamo, the appellant had no right to control and did not, in fact, control the activities of Mrs. Sternman as to her time spent at work and the manner in which she conducted her operation. Either party apparently had the right to terminate the agreement existing at any time, as the record is bare of any evidence of any type of binding contract by the appellant and Mrs. Sternman."

We believe the same reasoning applies here. Accordingly, defendant's preliminary objections are sustained for lack of jurisdiction and the complaint is dismissed.